21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BLUE WATER HEATING AND AIR CONDITIONING COMPANY, d/b/a R.L.
Plumbing & Heating, Inc., Respondent.
 No. 94-5185.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Blue Water Heating and Air Conditioning Company, d/b/a R.L. Plumbing & Heating, Inc., its officers, agents, successors, and assigns, enforcing its order dated August 25, 1993, in Case Nos. 7-CA-33741 and 7-RC-19877, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Blue Water Heating and Air Conditioning Company, d/b/a R.L. Plumbing & Heating, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Laying off, terminating the employment of or otherwise unlawfully discriminating against, its employees in order to discourage them from supporting Local 98, United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, herein called the Union, or any other labor organization, or because its employees engage in activities protected by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 4
 (b) Coercively interrogating its employees regarding their union membership, activities and sympathies and the activities and sympathies of their fellow employees.
 
 
 5
 (c) Creating the impression among its employees that their union activities were under surveillance by Respondent.
 
 
 6
 (d) Threatening employees that it would close its operations if they selected the Union as their collective-bargaining representative.
 
 
 7
 (e) Discouraging its employee from supporting the Union by stating that such support was disloyal to Respondent.
 
 
 8
 (f) Informing its employees that it would be futile for them to select the Union as their collective bargaining representative.
 
 
 9
 (g) In any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed by Section 7 of the Act.
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 11
 (a) Offer to Richard Gorski, John Gorski and Charles Busuttil immediate and full reinstatement to their former positions of employment, or if those positions no longer exist, to substantially equivalent positions, without prejudice to the seniority or other rights and privileges previously enjoyed, and make each of them whole, with interest, for any loss of earnings and benefits each of them may have suffered as a result of Respondent's unlawful termination of these employees on August 12, 1992, as set forth in the section of the Judge's Decision entitled "The Remedy."
 
 
 12
 (b) Expunge and remove from its files any memoranda, records or other references to the unlawful termination of employment of Richard Gorski, John Gorski or Charles Busuttil on August 12, 1992 and notify each of them, in writing, that this has been done and that these disciplinary actions will not be used against them in any way.
 
 
 13
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (d) Post at its facility in Marine City, Michigan, copies of the attached notice marked "Appendix." Copies of said notices, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by Respondent's authorized representative, shall be posted by Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of the Judgment, what steps Respondent has taken to comply therewith.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 WE WILL NOT terminate the employment of or otherwise discipline employees because they engage in union or protected concerted activities for the purpose of collective bargaining or other mutual aid or protection in the exercise of the rights guaranteed under the National Labor Relations Act.
 
 
 20
 WE WILL NOT coercively interrogate our employees regarding their union membership, activities and sympathies or the union membership, activities and sympathies of their fellow employees.
 
 
 21
 WE WILL NOT inform our employees that it will be futile for them to select the Union, LOCAL 98, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, or any other labor organization as their collective-bargaining representative.
 
 
 22
 WE WILL NOT create the impression among our employees that their union activities are under our surveillance.
 
 
 23
 WE WILL NOT threaten our employees that we will close our operations if they select the Union as their collective-bargaining representative.
 
 
 24
 WE WILL NOT discourage our employees from supporting the Union by stating to them that such support is disloyal to us.
 
 
 25
 WE WILL NOT in any like or related manner interfere with, restrain or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 26
 WE WILL offer to RICHARD GORSKI, JOHN GORSKI and CHARLES BUSUTTIL immediate, full and uncontional reinstatement of their former positions of employment or, if those jobs no longer exist, to substantially equivalent positions without prejudice to their seniority or other rights or privileges, and WE WILL make each of them whole, with interest, for any wages or other benefits each of them may have loss as a consequence of our unlawful August 12, 1992 termination of these employees.
 
 
 27
 WE WILL notify each of these employees that we have removed and expunged from our file any references to their unlawful terminations of employment on August 12, 1992 and that these memoranda of discipline will not be used against them in any way.
 
 
 28
 /s/ (Employer)
 
 
 29
 dated __________
 
 By __________ (Representative) (Title)
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, etroit, Michigan 48226-2569, Telephone 313-226-3219.